IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS SWYGERT,

      Plaintiff,                      No. CIV S-06-0725 ALA P

      vs.

MARTIN VEAL, et al.,

      Defendants.                ORDER

_____/

      Plaintiff Curtis Swygert is a state prisoner proceeding pro se and informa pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 26, 2006, defendants filed a motion to dismiss, or alternatively a motion for a more definitive statement. Plaintiff filed a response in opposition on January 16, 2007. For the reasons stated below defendants motion is granted in part and denied in part.

**I**

      In deciding a motion to dismiss pursuant to Fed. R. Civ. Prod. 12(b)(6), all factual allegations set forth in the complaint are "taken as true." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

1

rests.'" *Bell Atlantic Corp. v. Twombly*,   U.S.   ,  , 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965.

## II

Defendants argue that dismissal is appropriate because plaintiff has failed to exhaust his administrative remedies. Motion to Dismiss at 2. Defendants also argue that dismissal is appropriate because plaintiff has failed to state a claim upon which relief can be granted. *Id*. at 3. Finally, defendants argue that plaintiff has failed to comply with the California Tort Claims Act with respect to any state law claims. *Id*. at 6. Defendants also ask that plaintiff's class allegations be stricken. *Id*.

### A

The Prison Litigation Reform Act states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)(a).

Plaintiff claims that defendants discriminated against Muslim inmates by denying them a permanent place to worship, pay-numbers to clerk and porter positions, religious artifacts, food sales, prayer celebrations after Ramadan and Halal foods. Complaint at 14-15. Defendants claimed in their motion to dismiss that all of plaintiff's claims should be dismissed for failure to exhaust. Motion to Dismiss at 5. However, in their reply to plaintiff's response in opposition, defendants state that "[a]lthough [plaintiff] may have exhausted his administrative remedies as to claims regarding Halal foods and a permanent place to worship, [plaintiff] failed to exhaust with regard to his other claims." Reply to Response in Opposition at 2.

In his response in opposition, plaintiff states that he was part of a previous class action

against defendants concerning denial of Halal foods. Response in Opposition at 3. Attached to that response as Exhibit A is an affidavit in support of that class action wherein plaintiff is listed as inmate number 16. *Id*. at 17. Plaintiff has also submitted a director's level appeal decision of that matter. *Id*. at 11. Plaintiff has therefore exhausted his administrative remedies as to this claim. Dismissal is therefore not appropriate.

Plaintiff has also submitted a copy of CDC form 695 which states that plaintiff exhausted his claim as to denial of a permanent place of worship. *Id*. at 20. This form is signed by prison officials and its authenticity is not disputed by defendants. As such, the court will assume it is authentic and that plaintiff has exhausted his administrative remedies as to his claim concerning denial of a permanent place of worship. Dismissal is therefore not appropriate.

As to plaintiff's claims that defendants discriminated against Muslim prisoners by refusing to give them pay-numbers to clerk and porter positions, religious artifacts, food sales, and Eid prayer celebrations after Ramadan, all of which are allegedly being offered to other religious groups, plaintiff has provided no evidence to refute defendant's claim that plaintiff has failed to exhaust his administrative remedies. As such, these claims will be dismissed.

**B**

Defendants next argue that plaintiff's claims must be dismissed for failing to state a claim upon which relief can be granted or that plaintiff should be required to provided a more definitive statement. Motion to Dismiss at 5.

With respect to plaintiff's claims concerning Halal foods, plaintiff has specifically claimed that defendants have denied plaintiff's request for Halal foods. This Circuit has held that "[i]nmates ... have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *Ashelman v. Wawrzaszek*, 111 F.3d 674, 677 (9th Cir. 1997) (quoting *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir.1987)). Plaintiff's allegation therefore states a claim upon which relief can be granted and will not be dismissed.

Plaintiff has also alleged that defendants have discriminated against plaintiff by denying

3

him a permanent place to worship, while doing so for other religious groups. Complaint at 13. Under the Protection of Religious Exercise in Land Use and by Institutionalized Persons Act:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1.

Plaintiff's claim is essentially that defendant's are burdening the exercise of his religion without a compelling governmental interest and in a manner that is not the least restrictive. As such, plaintiff has stated a claim upon which relief can be granted and this claim will not be dismissed.

Defendants argue that a more definitive statement is necessary because plaintiff has failed to state any specific violation. Motion to Dismiss at 5. However, plaintiff's allegations concern ongoing violations. Plaintiff specifically alleges that defendants have failed to provide Halal foods for the last ten years and failed to provide a permanent place of worship for the last thirty years. Thus any violations are either presently occurring or are not occurring. Plaintiff's allegations are therefore not vague or conclusory.

**C**

Defendants next argue that plaintiff's claims should be dismissed as to any state law claims because plaintiff has failed to comply with the California Tort Claims Act. Motion to Dismiss at 6.

The California Tort Claims Act requires that a state law tort claim made against a public entity or its employees be first presented to the California Victim Compensation and Government Claims Board, formally known as the State Board of Control, no more than six months after the cause of action accrues. CAL. GOV'T CODE §§ 905.2, 910, 911.2, 945.4,

950-950.2 (West 2007). Before filing suit in state or federal court, a written claim must be made to the Board, and the Board must take action or reject the claim. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004);  *Mangold v. Cal. Pub. Utilities Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a California Tort Claims Act claim under 42 U.S.C. § 1983, plaintiff must allege compliance with the Act's exhaustion requirements. *Mangold*, 67 F.3d at 1477.

Plaintiff has not alleged that he has exhausted any state law tort claims at the state level of review.  However, plaintiff concedes that he is "only raising federal claims and [is] not raising any state claims." Response in Opposition at 3.  Defendants argument is therefore moot.

**D**

Finally, defendants argue that plaintiff's class allegations should be stricken from the complaint because plaintiff cannot file a class action on behalf of other prisoners as a pro se plaintiff.  Motion to Dismiss at 6.  In his response in opposition, plaintiff claims that this "suit is not a 'Class-Action,'" but later asks that this matter "be certified as a Class-Action suit." Response in Opposition at 2.

Plaintiff, however, is a non-lawyer proceeding without counsel.  It is well established that a layperson cannot ordinarily represent the interests of a class. *See McShane v. United States*, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. *See Martin v. Middendorf*, 420 F. Supp. 779 (D.D.C. 1976).  This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff.

**III**

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's claims that defendants discriminated against Muslim prisoners by refusing to give them pay-numbers to clerk and porter positions, religious artifacts, food sales, and Eid prayer celebrations after Ramadan, are hereby DISMISSED;

2. Plaintiff may proceed on his claims concerning denial of Halal foods and a permanent place of worship;

3. Defendant's motion to dismiss plaintiff's state law claims for failure to comply with the California Tort Claims Act is denied as MOOT; and

4. This action will proceed as an individual suit brought by plaintiff.

/////

DATED: March 17, 2008

/s/ Arthur L. Alarcón  
UNITED STATES CIRCUIT JUDGE  
Sitting by Designation