1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CURTIS SWYGERT,

11          Plaintiff,                    No. CIV S-06-0725 ALA P

12   vs.

13   MARTIN VEAL, et al.,

14          Defendants.                   <u>ORDER</u>

15   _____/

16          Plaintiff Curtis Swygert is proceeding pro se and in forma pauperis with this civil rights

17   action pursuant to 42 U.S.C. § 1983.  On November 7, 2006, plaintiff filed a motion for a

18   preliminary injunction.  On January 25, 2008, defendants filed an opposition to plaintiff's motion

19   for preliminary injunction.  On February 25, 2008, plaintiff filed a reply to defendant's

20   opposition.

21                                          **I**

22          The legal principles applicable to a request for injunctive relief are well established.  To

23   prevail, the moving party must show either a likelihood of success on the merits and the

24   possibility of irreparable injury, or that serious questions are raised and the balance of hardships

25   tips sharply in the movant's favor.  *See Coalition for Economic Equity v. Wilson*, 122 F.3d 692,

26   700 (9th Cir. 1997); *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th

1   Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point

2   being the degree of irreparable injury shown.  *Oakland Tribune*, 762 F.2d at 1376.  "Under any

3   formulation of the test, plaintiff must demonstrate that there exists a significant threat of

4   irreparable injury."  *Id.*  In the absence of a significant showing of possible irreparable harm, the

5   court need not reach the issue of likelihood of success on the merits.  *Id.*

6          In cases brought by prisoners involving conditions of confinement, any preliminary

7   injunction "must be narrowly drawn, extend no further than necessary to correct the harm the

8   court finds requires preliminary relief, and be the least intrusive means necessary to correct the

9   harm."  18 U.S.C. § 3626(a)(2).

10         Plaintiff requests that the court prohibit defendants from moving the location of Muslim

11  prayer meetings to the prison's Catholic chapel.  Motion for Preliminary Injunction at 3-4.  In his

12  reply, plaintiff states that defendants are now permitting Muslim prisoners to conduct services

13  within the prisons gym area.  Reply to Response in Opposition at 3.  Plaintiff's request is

14  therefore moot and will be denied.

**III**

16         Accordingly, IT IS HEREBY ORDERED that plaintiff's November 7, 2006, motion for

17  preliminary injunction is DENIED as moot.

18  /////

19  DATED: March 17, 2008

20                                      /s/ Arthur L. Alarcón
                                        UNITED STATES CIRCUIT JUDGE
21                                      Sitting by Designation