IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS LEE SWYGERT,

    Plaintiff,                      Case No. 2:06-cv-00725 ALA P

    vs.

MARTIN VEAL, et al.,

    Defendants.                  ORDER

_____/

    Plaintiff Curtis Lee Swygert ("Swygert") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 that names Defendants A. Ramirez-Palmer, T. Reagle, Martin Veal, S. O'Ran, N. Grannis, and S. Surges (collectively the "Defendants") in their individual and official capacities seeking injunctive relief and damages.

    On June 20, 2008, Defendants moved for summary judgment (No. 39). On October 3, 2008, this Court asked Defendants for their position regarding the whether Rule 25(d) of the Federal Rules of Civil Procedure applies in this action, whether the caption of this matter should be amended to replace "Martin Veal" with "Mike Knowles", CMF's current warden, and what effect, if any, Rule 25(d) has on Swygert's claims for injunctive relief (No. 58). Defendants filed a supplemental brief on October 8, 2008 (No. 59) stating that Rule 25(d) requires replacing the named Warden-Martin Veal-with the current warden-Mike Knowles. Supp. Brief. at 2. The

1

Defendants argued, however, that replacing the warden would not save Swygert's claims for injunctive relief because the warden cannot provide the injunctive relief Swygert seeks. *Id.* The Defendants make the same argument in their original Motion for Summary Judgment (No. 39) ("Mot. Summ. J.") and their Reply (No. 54) ("Reply").

Each of the former wardens submitted declarations stating that they "did not have authority to commit CDCR to purchase Halal meats or provide Kosher foods for Muslim inmates as part of their regular diet." *See, e.g.*, Mot. Summ. J., Ex. D, Declaration of Martin Veal ¶ 3. Further, they state that "[s]uch a decision would need to be made by higher ranking officials at CDCR headquarters and would be a department-wide decision." *Id.* Defendants have also submitted the declaration of Susan B. Summersett, the Departmental Food Administrator for the California Department of Corrections and Rehabilitation. Reply, Ex. K ¶ 1. Ms. Summersett declares that "[a]ny Muslim inmates who were allowed to have Kosher meals at CSP-Solano did so without authorization from CDCR headquarters." *Id.* ¶ 2. She also declares that "[w]ardens do not have the authority to provide Kosher foods or Halal meats to Muslim inmates as a regular part of their diet." *Id.* ¶ 3.

Defendants do not submit any legal authority for their position that wardens do not have the authority to provide Kosher or Halal foods to Muslim inmates as part of their diet.

Therefore, IT IS HEREBY ORDERED that Defendants file a supplemental brief on or before October 24, 2008 setting forth the legal authority supporting Defendants' position that wardens do not have authority to provide Kosher or Halal foods to Muslim inmates as part of their regular diet.

IT IS FURTHER ORDERED that Swygert will have until November 7, 2008 to file a response to Defendants' supplemental brief.

DATED: October 10, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation