IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS LEE SWYGERT,

    Plaintiff,                      Case No. 2:06-cv-00725 ALA (P)

    vs.

MARTIN VEAL, et al.,               <u>ORDER</u>

    Defendants.

_____/

    Plaintiff Curtis Lee Swygert ("Swygert") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). On June 20, 2008, Defendants filed a motion for summary judgment and statement of undisputed facts in support thereof (No. 39).[1] On September 2, 2008, Swygert filed an opposition and Statement of Undisputed Facts in Support of Plaintiff's Opposition Motion to Defendants' Motion for Summary Judgment (No. 51) ("Opp'n"). On September 19, 2008, Defendants filed a reply to Swygert's opposition to Defendants' motion for summary judgment (No. 54).

---

[1] The Court refers Defendants' counsel to Local Rule 7-131 and directs Defendants' counsel to comply with this rule requiring that, "[t]he . . . California State Bar membership number *of all counsel . . . shall* appear in the upper left-hand corner of the first page of each document presented for filing . . . ." (emphasis added). *See* E.D. Cal. R. 7-131(a).

1

1  Following the briefing of the summary judgment motion, this court issued an order on
2  October 3, 2008, that asked Defendants for their position regarding the whether Rule 25(d) of the
3  Federal Rules of Civil Procedure applied in this action, whether the caption of this matter should
4  be amended to replace "Martin Veal" with "Mike Knowles", CMF's current warden, and what
5  effect, if any, Rule 25(d) has on Swygert's claims for injunctive relief (No. 58).  Defendants
6  filed a supplemental brief on October 8, 2008 (No. 59) ("Supp. Br.") stating that Rule 25(d)
7  requires replacing the named Warden—Martin Veal—with the current warden—Mike Knowles.
8  Supp. Br. at 2.  The Defendants argued, however, that replacing the warden would not save
9  Swygert's claims for injunctive relief because the warden cannot provide the injunctive relief
10 Swygert seeks.  *Id.*  On October 10, 2008, the court ordered the Defendants to file another
11 supplemental brief setting forth the legal authority supporting their position that
12 wardens do not have authority to provide Kosher or Halal foods to Muslim inmates as part of
13 their regular diet.  (No. 60.)  Defendants submitted a supplemental brief on October 24, 2008
14 (No. 62) and Swygert filed a response on November 10, 2008 (No. 63).

**I**

Rule 25(d) of the Federal Rules of Civil Procedure states,

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. . . . The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Accordingly, it is appropriate that Mike Knowles replace Martin Veal for all allegations made against the warden in his official capacity.  Defendant Veal remains a defendant for all allegations made against him in his individual capacity.

**II**

In Defendants' October 24, 2008 brief, they cite the California Department of Corrections and Rehabilitation's ("CDCR") rules regarding the Kosher meal program for Jewish

inmates. Oct. 24, 2007 Supp. Br. at 2. Defendants contend that if they provided Muslim inmates with Kosher or Halal food "in violation of CDCR's policies, they could be subject to discipline, including termination, for misappropriation of state property, supplies, and funds." *Id.* However, Defendants do not explain why providing Muslim inmates with Kosher or Halal food would violate any of CDCR's policies. The CDCR policy states: "There shall be *at least two* distinct religious diet options: (1) Vegetarian. (2) Jewish kosher." Cal. Code Regs. tit. 15 § 3054 (emphasis added). The regulations do not prohibit *more than two* religious diet options and, therefore, Defendants have not established that they could be subject to discipline for providing Halal or Kosher foods to Muslim inmates. Moreover, California law provides that "[t]he warden . . . is the chief executive officer of that institution, and is responsible for the custody, treatment . . . of all inmates under his or her charge." Cal. Code Regs. tit. 15 § 3380(a). Because providing meals, including religiously-mandated meals, to inmates is part of the inmates' custody and treatment, it would appear the warden may be responsible for providing Halal or Kosher meals to Swygert. *Ashelman v. Wawrzaszek*, 111 F.3d 674, 677 (9th Cir. 1997) (An inmate has a constitutional right to "food sufficient to sustain them in good health that satisfies the dietary laws of their religion").

    In response to the Defendants' contention that they cannot provide the relief Swygert seeks, Swygert has twice requested leave to amend. First, in his opposition to the motion for summary judgment, he asked that if the Court decides that all of the Defendants are entitled to dismissal that he be allowed to amend his complaint and "name solely 'CDCR' as the only defendant since (they or it) have the complete power and authority to order a Halal foods for Muslim inmates, but specifically, for Plaintiff." Opp'n at 11. Then, in his response to Defendants' most recent filing regarding the warden's authority, Swygert requested that if the court "decides to deny this litigation based on the 'named' defendants[] not having the authority to provide said Kosher and/or Halal diet to Plaintiff, then, allow Plaintiff to amend his Complaint to name 'CDCR' as the sole defendant and proceed accordingly." Nov. 10, 2008 Br. at 6.

A state official may be sued for prospective injunctive relief from continuing or impending state action which violates the federal constitution or a federal statute. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *Ex parte Young*, 209 U.S. 123, 159-60, 28 S. Ct. 441, 52 L. Ed. 714 (1908); *Armstrong v. Wilson*, 124 F.3d 1019, 1026 (9th Cir. 1997). Further, this court recognizes that it "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect.'" *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990) (quoting *Breier v. Northern California Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963).

Therefore, Swygert is granted leave to amend his complaint for prospective injunctive relief to add the state entity or official with the power to authorize Halal or Kosher meals for Muslim inmates and the state entity or official with the power to enforce CMF's policy regarding the removal of religious artifacts in the interfaith chapel. Furthermore, if relief other than prospective injunctive relief is requested, Swygert is granted leave to amend his complaint to add Mike Knowles as a defendant in his individual capacity. The Court expresses no opinion regarding whether the CDCR is, indeed, the correct defendant in this suit and, accordingly, Defendants and Swygert shall submit separate briefs to the court, on or before December 31, 2008, regarding whether the complaint should be amended to name CDCR as the proper defendants for Swygert's injunctive relief claims.

### III

Swygert initially requested the appointment of counsel in his complaint filed on April 4, 2006 (No. 1) and in a Motion to Appoint Counsel filed on June 9, 2006 (No. 7). Swygert's motion to appoint counsel was denied on June 14, 2006 (No. 9). On September 25, 2008, Swygert renewed his motion for the appointment of counsel in the interest of justice. *See* Plaintiff's Pretrial Statement (No. 55) at 5. For the reasons discussed below, the Court grants Swygert's renewed motion to appoint him counsel.

     "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Ninth Circuit provides that a court may appoint counsel under this section if there are "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). "'A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986) (citations omitted) (section 1983 action)).

     This court has reviewed the likelihood of success and complexity of Swygert's case, including the summary judgment brief and opposition. The issues presented in this case relate to allegations of constitutional violations under the First Amendment, Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc-2000cc-5. Swygert has shown that he has a likelihood of success on these claims. The identity of the party capable of providing Swygert with relief as well as the complexities of trial requires counsel to assist Swygert. Therefore, the court finds that it is in the interest of justice and exceptional circumstances exist that warrant appointment of counsel.

**IV**

     Accordingly, Swygert's renewed motion for the appointment of counsel is GRANTED, and IT IS HEREBY ORDERED THAT:

1. Mike Knowles replace Martin Veal for all allegations made by Swygert against the warden in his official capacity. Defendant Veal remains a defendant for all allegations made against him in his individual capacity.

2. Swygert is granted leave to amend his complaint to name a defendant that can provide injunctive relief. Defendants and Swygert shall submit separate briefs to the court, on or before December 31, 2008, regarding whether the complaint should be amended to name CDCR as the proper defendant(s) for Mr. Swygert's

1 | injunctive relief claims.

2 | 3. Joanna Mendoza, State Bar No. 148320, a voluntary attorney, is appointed counsel for Plaintiff.

4 | 4. Ms. Mendoza shall familiarize herself with the documents on file in this case and make any motions necessary, before this case proceeds, on or before Wednesday, December 31, 2008. In the event no motion is filed, this court will issue its order relating to the Defendants' summary judgment motion and re-set the matter for trial, if necessary.

DATED: November 26, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation