IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS LEE SWYGERT,

        Plaintiff,                       Case No. 2:06-cv-00725 ALA (P)

vs.

KATHLEEN DICKINSON, *et al.*,         ORDER

        Defendants.[1]

                                    /

On April 15, 2009, at 9:00 a.m., this Court conducted a telephonic status conference. In attendance via telephone were Joanna Mendoza for Plaintiff and Grant Lien of the Attorney General's Office of the State of California for Defendants.

The Court informed all parties of the intention to go to trial on July 28, 2009 at 1:30 p.m. unless a settlement can be reached prior to that time. Defendants' counsel discussed two conflicts with that trial date—one with a witness's schedule and one with Mr. Lien's schedule. The Court suggested that if the witness's conflict persists, the parties may be able to agree to submit the witness's testimony by means of a deposition, or a stipulation to the facts perceived by

---

[1] Kathleen Dickinson is substituted for her predecessor, Martin Veal, as the warden where the prisoner is incarcerated, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Accordingly, the Clerk of Court is directed to amend the caption in this case to reflect this change.

1

the witness. The parties were amenable to this suggestion. The Court will address Mr. Lien's scheduling conflict as we get closer to the trial date.

The Court ordered that the parties may file a motion for summary judgment on or before **May 29, 2009**. Any opposition must be filed on or before **June 5, 2009**.

The Court asked the parties about their positions on mediation for this case. Both parties agreed to discuss the possibility of mediation with their clients. The parties are ordered to file a joint stipulation on or before **April 29, 2009** that contains the following: (1) a statement as to whether the Plaintiff and Defendants are willing to participate in mediation that will take place on or before **July 1, 2009**, and, if so, (2) a list of three magistrate judges in the Eastern District of California that both parties agree may mediate this matter.

The Court asked the parties to discuss with their respective clients the possibility of entering into a consent decree or a settlement that would address the parties' interests and concerns, and dispose of this matter prior to trial.

Should this matter go to trial, the parties are required to file a joint stipulation as to any undisputed facts to expedite the court proceedings. The stipulation should address any undisputed facts that may assist the trier of fact that may possibly include the following:

1. Are Jewish inmates at the California Medical Facility in Vacaville, California ("CMF") provided an opportunity to eat Kosher food? If so, how many meals per day are Kosher?
2. Apart from the option to eat vegetarian meals, are CMF inmates provided any other non-standard meal options that relate to a religion? If so, what are they?
3. Do any non-Jewish inmates participate in CMF's Kosher meal program?
4. What is the cost, per day, of food for an inmate participating in the Kosher meal program at CMF?
5. What is the cost, per day, of food for an inmate participating in the standard meal plan at CMF?

6. What is the cost, per day, of food for an inmate participating in the vegetarian meal plan at CMF?

7. What impact does providing Kosher meals to inmates have on the guards, other inmates, and on the allocation of prison resources generally?

8. Do the vegetarian meals at CMF contain meat byproducts?

9. Apart from medical necessity, who has the authority to change the Plaintiff's meal plan based on a religious accommodation—whether the change is to Halal meals, Kosher meals, or any other meal.

10. What interfaith chapel, and what portion of the chapel, is assigned for use by Muslim inmates?

11. Where are the interfaith chapels located at CMF?

12. Are the interfaith chapels air conditioned?

13. Do Muslim inmates use the gym for Jumu'ah services?

14. Where is the gym located at CMF?

15. Is the gym air conditioned?

16. Does the gym roof leak?

17. Does the interfaith chapel assigned for use by Muslim inmates contain religious artifacts from other faiths?

18. Do CMF's rules, regulations, and/or policies require each religious leader, whether a chaplain, clergyman, Imam, Priest, or Rabbi, to remove or cover religious artifacts, in the interfaith chapels, at times when that particular religious service is not being conducted? If so, do the religious leaders comply with this rule, regulation, and/or policy?

19. Who has the authority to enforce CMF's rules, regulations, and/or policies relating to the interfaith chapels?

20. Who has the authority to change CMF's rules, regulations, and/or policies relating

to CMF's interfaith chapels?

The Court informed counsel that it will later order the parties to file their proposed exhibits with the Court and exchange copies prior to trial. The parties will be directed to file any objections to the proposed exhibits prior to the trial date. The Court will issue tentative rulings on the admissibility of the exhibits as to which an objection has been interposed. The parties will be permitted to state their objections to the Court's tentative rulings on admissibility on the date set for trial prior to the impanelment of the jury.

Accordingly, IT IS HEREBY ORDERED that:

1. Any party wishing to file a motion for summary judgment, whether or not it is related to Defendants' prior motion for summary judgment (doc. no. 39), shall do so on or before **May 29, 2009**; and

2. Any opposition to such motion for summary judgment shall be filed on or before **June 5, 2009**.

3. The Plaintiff and Defendants shall file a joint stipulation on or before **April 29, 2009** that states: (1) whether the Plaintiff and Defendants are willing to participate in mediation that will take place on or before **July 1, 2009**, and, if so, (2) a list of three magistrate judges in the Eastern District of California that both parties agree may mediate this matter.

/////

DATED: April 15, 2009

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation