IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS LEE SWYGERT,

    Plaintiff,                        Case No. 2:06-cv-00725 ALA (P)

    vs.

KATHLEEN DICKINSON, et al.,      ORDER

    Defendants.

_____/

    Plaintiff Curtis Lee Swygert ("Swygert") is a state prisoner in this civil rights action brought pursuant to 42 U.S.C. § 1983 against defendants Kathleen Dickinson ("Dickinson"), Martin Veal ("Veal"), A. Ramirez-Palmer ("Ramirez-Palmer"), T. Reagle (formerly Schwartz) ("Reagle"), S. O'Ran ("O'Ran"), N. Grannis ("Grannis"), and S. Surges ("Surges") (in their individual and official capacities); Swygert also named as defendants the California Department of Corrections and Rehabilitation ("CDCR") and its Secretary, Matthew Cate.  Swygert alleged breach of contract and constitutional violations under the First Amendment, Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc - 2000cc-5.

    On May 29, 2009, defendants Dickinson, Veal, Ramirez-Palmer, Reagle, O'Ran, Grannis, and Surges (collectively, the "moving Defendants") filed a motion for summary

judgment ("Mot. Summ. J."), a memorandum of points and authorities in support thereof, and a statement of undisputed facts ("UF") (No. 88).[1] On June 10, 2009, Swygert filed an opposition ("Opp'n") (No. 94), a response to the moving Defendants' UF, a separate statement of material facts, and a request for judicial notice (No. 95). On June 18, 2009, the moving Defendants filed a reply (No. 96).

This Court issued an order on June 23, 2009 directing Swygert's counsel to clarify whether he sought damages against any Defendants and, if so, which Defendants (No. 99). Swygert filed a response on June 29, 2009 stating "the Plaintiff does hereby reiterate that any and all claims for damages have been abandoned, and that the Plaintiff wishes to pursue only injunctive relief and recovery of attorneys' fees going forward." (No. 100.)

Accordingly, the moving Defendants' motion for summary judgment is granted as to Swygert's claim for damages because it has been withdrawn. The moving Defendants' request for summary judgment is also granted as to Swygert's claim for injunctive relief against Defendants Veal, Ramirez-Palmer, Reagle, and O'Ran because Swygert's claims are moot. The moving Defendants motion for summary judgment is denied as to moving Defendants Dickinson, Grannis, and Surges.

**I**

A district court may grant a motion for summary judgment when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Under this standard, "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is genuine for the purpose of summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

---

[1] Neither Cate nor the CDCR moved for summary judgment. The motion for summary judgment states that "[t]his case should only proceed . . . against CDCR Secretary Cate . . . and CDCR." Mot. Summ. J. at 2.

1    The movant bears the initial burden of establishing the "absence of a genuine issue of
2 material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may satisfy this
3 burden by either "submit[ting] affirmative evidence that negates an essential element of the
4 nonmoving party's claim" or "demonstrat[ing] to the Court that the nonmoving party's evidence
5 is insufficient to establish an essential element of the nonmoving party's claim." *Id.* at 331. If
6 the movant fails to satisfy this initial burden, this Court must deny summary judgment. *Id*.

7    If the movant satisfies this initial burden, the nonmoving party "must do more than
8 simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*
9 *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## II

### A

12    The moving Defendants argue that Swygert's "claims for injunctive relief against [them]
13 are moot" as to Veal, Ramirez-Palmer, Reagle, and O'Ran "because they no longer work at CMF
14 and/or are not in the position to provide injunctive relief." Mot. Summ. J. at 10. The moving
15 Defendants also claim that Swygert's claims against Grannis and Surges are moot because "[i]n
16 their positions at the Inmate Appeals Branch, Grannis and Surges do not make policy decisions
17 concerning religious accommodations . . . [and] do not have te authority to commit CDCR to
18 provided Halal or Kosher foods, or a permanent place of worship to Muslim Inmates." *Id.* at 10-
19 11. Swygert disputes Grannis's and Surges's statements. Opp'n at 8; response to UF ¶¶ 12, 13,
20 23. Swygert contends that the individual defendants did have the authority "at one stage or
21 another" to provide Kosher food to Muslim inmates" and that the "decision regarding *use* of the
22 facilities by religious groups can be made at various levels fo management within CDCR and
23 CMF." *Id.*

24    To maintain an action under § 1983, "an actual controversy must be extant at all stages of
25 review, not merely at the time the complaint is filed." *Bernhardt v. City of Los Angeles*, 279
26 F.3d 862, 871 (9th Cir. 2002). A matter is moot if at any time during the course of litigation, the

plaintiff ceases to be threatened with or suffer, "an actual injury [that is] traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  A prisoner's claim is moot when the relative positions of the parties change so that there is no longer a case or controversy to which the requested injunction can apply.  *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).

In Swygert's complaint, he prayed for the following injunctive relief: an injunction commanding defendants to cease and desist denying religious beliefs and practices, an injunction commanding defendants not to take any action to disband the established Muslim Community of the CDCR, an injunction prohibiting retaliation for the litigation, and an order requiring defendants to provide a permanent place of worship for Muslims as is provided to Catholics, Protestants, and Christians.  Complaint at 15-16.

Veal, Ramirez-Palmer, Reagle, and O'Ran are retired from the CDCR and no longer work at CMF.  Mot. Summ. J. at 10.  Swygert does not dispute these contentions.  Additionally, Veal and O'Ran submitted declarations stating that in their current position as retired annuitants for CDCR, neither makes policy decisions concerning religious accommodations.  Mot. Summ. J., Defs.' Exs. D ¶ 1, E ¶ 1.  Swygert also does not dispute these contentions.  Accordingly, the undisputed evidence shows that Veal's, Ramirez-Palmer's, Reagle's, and O'Ran's relative positions have changed and there is no longer a case or controversy to which Swygert's request for an injunction can apply.

On the other hand, Grannis continues to be the "Chief of the Inmate Appeals Branch" and Surges continues to be the "Staff Services Manager I within the Inmate Appeals Branch."  *Id.*, Defs.' Exs. F ¶ 1 and G ¶ 1.  Grannis "supervise[s] the processing of inmate appeals."  *Id.*, Defs.' Ex. F ¶ 4.  Surges "review[s] inmate appeals on behalf of the Chief of IAB."  *Id.*, Defs.' Ex. G ¶ 1.  Further, Surges states that he "denied the group appeal for Halal foods at the Director's level, based on the review of Appeals Examiner J. Pearson."  *Id.* ¶ 3.  A declaration from Muslim inmate Askia Ashanti, incarcerated in another CDCR facility, stated that he received Kosher

meals. Opp'n, Pl's. Ex. D ¶ 4.[2]  Finally, Swygert states that he has "personally observed other prisoners besides []Jewish inmates, consuming the Kosher diets."  Opp'n, Pl's. Ex. A ¶¶ 4-5.

Exhibit F to Swygert's Opposition shows that on March 17, 2007, Grannis issued a Director's Level Appeal Decision denying Swygert's request to delay moving the Muslim religious services to the Catholic chapel until "logistics can be worked out on the religious schedule, spacing, and the removal of idols/pictures within the room."  Opp'n, Ex. F at 1.  Grannis also denied Swygert's appeal seeking to have Muslim programs held outside of the gymnasium and/or the "T-Wing" chow hall.  *Id.*  Exhibit G-1 to the moving Defendants' motion shows that Surges and Grannis denied an inmate's appeal requesting that Halal meals be provided to Muslim inmates at CMF.  Mot. Summ. J., Defs.' Ex. G-1 at 1.  It appears that Surges signed this document for Grannis whose name and title are typed as the decision maker.  *Id.*

The evidence presented creates a genuine issue of material fact regarding Grannis's and Surges's involvement in denying Swygert's requests for Halal meals and an adequate place to worship.  It is perplexing as to why Grannis or Surges would have authority to deny an appeal if they did not have the authority to grant the relief requested by an inmate.  Furthermore, Ashanti's declaration contradicts Defendants' statements that they all lack authority to allow Muslims access to Kosher foods.  Both Grannis and Surges are members of the appeals process and, if Swygert's requests are denied, the evidence indicates that Swygert must appeal to these individuals for relief.  The case is not moot as to Grannis or Surges because if Swygert's constitutional rights were violated, the injury is traceable to both of these defendants and it could

---

[2] Defendants object to paragraph 4 of Ashanti's declaration.  *See* Defendants Objections to Plaintiff's Evidence in Support of Opposition to Motion for Summary Judgment (No. 97) at 2. Defendants only object to Ashanti's statement that a warden permitted Muslims to receive Kosher meals.  *Id.*  However, Ashanti merely states that he was allowed to participate in the Kosher Diet Program and "[t]o the best of [his] knowledge and belief, this was approved by the Warden."  Opp'n, Pl's. Ex. D ¶ 4.  Ashanti is merely stating what he thinks, and not submitting proof as to who approved his placement on the Kosher meal program.

1  be redressed by a decision in Swygert's favor, i.e., an injunction.

2  Thus, this Court grants the motion for summary judgment brought by Veal, Ramirez-
3  Palmer, Reagle, and O'Ran with respect to Swygert's prayer for injunctive relief as it is moot.
4  The Court denies the motion for summary judgment brought by Grannis and Surges with respect
5  to Swygert's prayer for injunctive relief.

**B**

7  Swygert voluntarily abandoned his claims for damages against the Defendants. Thus, the
8  claim for damages against all Defendants must be dismissed.

**III**

10  Accordingly, **IT IS ORDERED** that:

11  1.  The moving Defendants' motion for summary judgment is GRANTED as to
12  Swygert's claims for damages because these claim have been abandoned.

13  2.  The moving Defendants' motion for summary judgment is GRANTED as to
14  Swygert's claims for injunctive relief against Veal, Ramirez-Palmer, Reagle, and O'Ran because
15  these claims are moot.

16  3.  The motion for summary judgment as to Swygert's claims for injunctive relief
17  against Dickinson, Grannis, and Surges is DENIED.

18  /////

19  DATED: June 30, 2009

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation